IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

UNITED STATES OF AMERICA,

    Petitioner,

    v.

RAJARAM K. MATKARI,

    Respondent.

## DECLARATION OF REVENUE AGENT HEATHER A. STYRON

I, Heather A. Styron, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am a duly commissioned Revenue Agent employed with the Internal Revenue Service, Small Business/Self Employed Division, with a duty post in Denver, Colorado. Pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602–1, and Internal Revenue Service Delegation Order No. 25-1, I am authorized to issue administrative summonses.

    2.    I have personal knowledge of the information set forth in this declaration both from my review of IRS records and my activities in trying to secure the information sought by the summons. If called upon to testify to such matters, I could do so competently.

    3.    This case was previously assigned to Revenue Agent Michael A. Salas. Because Revenue Agent Salas is scheduled to retire on March 31, 2018, the case was reassigned to me to continue the examination commenced by Revenue Agent Salas.

    4.    In my capacity as a Revenue Agent, I am conducting an examination for the purpose of determining the correct federal income tax liabilities of Rajaram K. Matkari for the

taxable years 2011 through 2014, and whether the IRS should assess penalties against Mr. Matkari in relation to his failure to properly report his interest in foreign bank accounts. My examination is ongoing, and the IRS requires additional information to assess Mr. Matkari's correct tax liabilities for the tax years at issue.

5. Mr. Matkari filed Forms 1040, Individual Income Tax Return, for the taxable years 2011 through 2014. On each of these returns, on Schedule B, Part III, Foreign Accounts and Trusts, line 7a, Mr. Matkari provided that he had financial interests in or signature authority over a financial account located in a foreign country.

6. For the taxable years 2011 and 2012, Mr. Matkari submitted Forms TD F 90-22.1, Report of Foreign Bank and Financial Accounts. Mr. Matkari filled out some, but not all, of the requested personal information in Part I, Filer Information. However, in response to all the substantive questions concerning his interest in foreign financial accounts, Mr. Matkari referred to cover letters attached to the Forms TD F 90-22.1, signed by his representative, Mr. Michael Arvin, and asserting Mr. Matkari's Fifth Amendment Privilege. The letters did not explain the basis for the Fifth Amendment Claim.

7. For the taxable years 2013 and 2014, Mr. Matkari submitted FinCen Forms 114, Report of Foreign Bank and Financial Accounts (FBAR), formerly TD F 90-22.1. While Mr. Matkari completed Part I, Filer Information, of both the 2013 and 2014 FinCen Forms 114, for all the substantive questions concerning his interest in foreign financial accounts, he asserted the Fifth Amendment Privilege, and provided that Mr. Arvin should be contacted for additional information. Mr. Matkari did not explain the basis for the Fifth Amendment Claim.

8. To date, my examination revealed that: (1) during the taxable years 2011 through 2014, Mr. Rajaram K. Matkari had foreign bank accounts in the Isle of Guernsey, India, and

2

Hong Kong; (2) during the taxable year 2011, transfers totaling $30,252,876.14 were made from an account at Butterfield Bank Guernsey Ltd. in St. Peter Port Guernsey, Channel Island to an account at the Bank of India in Hong Kong. Both accounts were in the names of R.K. Matkari and Y.M. Matkari; (3) during the taxable years 2011 through 2014, multiple transfers were made from an account at Bank of India in Mumbai, India, in the name of Dr. Rajaram Keshav Matkari, to an account at Bank of India in Hong Kong, in the name of Rajaram Keshav Matkari and Y.M. Matkari. For example, on June 23, 2011, a transfer of $459,606.71 was made; on June 11, 2012, a transfer of $379,986.68 was made; on August 23, 2013, a transfer of $3,635,098.46 was made; and on January 6, 2014, a transfer of $129,972.00 was made.; (4) during the taxable year 2012, transfers totaling $11,519,225.55 were made from an account at Bank of India in Hong Kong, in the name of Rajaram Keshav Matkari and Y.M. Matkari, to an account at the Bank of India, in Mumbai, India, in the name of Rajaram Keshav Matkari; and (5) Mr. Matkari has not disclosed the full extent of his foreign bank accounts and investments on his income tax returns, and may not have reported all of the income from his foreign bank accounts to the United States.

9. FBAR reports are required by U.S. Persons with a financial interest in, or signature or other authority over foreign financial accounts, the aggregate value of which exceed $10,000 at any time during a calendar year. United States person means United States citizens and United States residents. Rajaram K. Matkari is a United States resident. As was shown above, Rajaram K. Matkari had foreign account balances over $10,000 during the taxable years 2011, 2012, 2013, and 2014. Therefore, he was required to file FBAR reports in each of those years.

10. Mr. Matkari may be subject to civil income tax adjustments for the tax years under examination, and other years. Mr. Matkari may also be subject to civil penalties under

3

Title 26 and Title 31 of the United States Code for his failure to properly disclose to the United States foreign bank accounts and holdings.

11. On February 27, 2018, in furtherance of my examination, I issued an IRS administrative summons to Rajaram K. Matkari. The summons directed Mr. Matkari to appear at the IRS Office in Westminster, CO, on March 12, 2018, at 9:00 a.m., to give testimony and produce for examination certain books, papers, records, or other data as described in the summons. A copy of the summons is attached hereto as Exhibit 1.

12. In accordance with 26 U.S.C. § 7603, the summons was personally served on Mr. Matkari by my colleague, Revenue Agent Salas on February 27, 2018, at 11:55 am. A true and correct copy of the certificate of service is included in Exhibit 1. Additionally, in accordance with 26 U.S.C. § 7609, Mr. Arvin, Mr. Matkari's representative, was notified of the summons by certified mail. A true and correct copy of the certificate of service is included in Exhibit 1.

13. Mr. Matkari failed to appear at the appointed time and, to date, has failed to comply with the summons.

14. The documents summoned on February 27, 2018, are not already in the possession of the IRS.

15. The testimony, books, records, papers, and other data requested by the summons are necessary to properly investigate and determine Mr. Matkari's income tax liabilities for the taxable years 2011 through 2014, and to determine if Mr. Matkari is liable for any penalties stemming from his failure to properly file information returns with respect to his foreign bank account activity during the taxable years 2011 through 2014.

16. All the documents sought by the summons may be relevant to this examination. The foreign-based records are relevant because I have determined that: (1) Mr. Matkari was the

4

owner of at least three accounts at foreign banks: One at Butterfield Bank in Guernsey, one at the Bank of India in Hong Kong, and one at the Bank of India in Mumbai, India; and (2) Mr. Matkari did not reveal on his tax returns for 2011 through 2014, or any filings with the IRS for those years, any identifiable ownership interest in any foreign bank account or on any FBAR filings for the taxable years 2011 through 2014.

17. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Mr. Matkari for the years under examination.

18. All administrative steps required by the Internal Revenue Code for issuance of the summons have been followed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of March, 2018.

Heather A. Styron
Revenue Agent
Internal Revenue Service

# EXHIBIT 1

# Summons

In the matter of  Rajaram K. Matkari
Internal Revenue Service (Division):  Small Business / Self-Employed
Industry/Area (name or number):  Western Area Examination
Periods:  December 31, 2011, December 31, 2012, December 31, 2013, and December 31, 2014

## The Commissioner of Internal Revenue

To:  Rajaram K. Matkari
At:  850 Holmes Place, Berthoud, Colorado 80513

You are hereby summoned and required to appear before  Heather Styron, ID# 1000232917  an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attachment

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
10225 Westmoor Drive, Suite #200, Westminster, CO 80021: 720-956-4768

Place and time for appearance at  10225 Westmoor Drive, Suite #200, Westminister, CO 80021

**IRS**

on the __12th__ day of __March__, __2018__ at __9:00__ o'clock __a__ m.
Issued under authority of the Internal Revenue Code this __27th__ day of __February__, __2018__.

Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

_Signature of issuing officer_
_Signature of approving officer (if applicable)_

Revenue Agent ID# 1000232917
Title
Group Manager
Title

**Original** — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| February 27, 2018 | 11:55 AM |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: Rajaram K. Matkari
650 Holmes Place, Berthoud, Colorado 60513

| Signature | Title |
|---|---|
| M. Del Salas | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: February 27, 2018     Time: 2:45 PM

Name of Noticee: Michael F. Arvin

Address of Noticee (if mailed): 3773 Cherry Creek North Drive, Suite 575, Denver, Colorado 80209-3825

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| M. R. Salas | Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
|  | Revenue Agent |

Form **2039** (Rev. 10-2010)

In the Matter of: Rajaram K. Matkari



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
Washington, D.C. 20224

**SMALL BUSINESS/SELF-EMPLOYED DIVISION**

Attachment to Rajaram K. Matkari Summon

In the matter of: Rajaram K. Matkari (SSN            )

**Unless otherwise indicated, each of the following Requests 1 through 17 are for calendar years 2011 through 2014.**

## BANK RECORDS

For each of the following requests, produce the requested information for each account, foreign and domestic, under any name, over which you had signature authority and/or other authority and/or over which you exercised control during the years 2011 through the present. These requests include, but are not limited to, your personal accounts, custodial accounts, business accounts, rental accounts, trust accounts, IBC accounts, LLC accounts, and other corporate accounts.

1. Produce any and all records required to be maintained pursuant to 31 C.F.R. §1010.420 (§103.32 prior to March 1, 2011) relating to foreign financial accounts that you had/have a financial interest in, or signature authority over, including records reflecting the name in which each such account is maintained, the number or other designation of such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during each specified year. Such accounts include, **but are not limited to**, accounts in the names of Rajaram K. Matkari, Napean Enterprises, Dr. R.K. Matkari, Rajaram Keshav Matkari, or RAG Matkari.

2. For each account produce the documents identifying the bank and/or financial institution name, address, and telephone number.

3. For each foreign bank account, in any name over which you had signature or other authority and/or over which you exercised control, during the year(s) 2011 through the present, produce all documents in your possession, custody, control including, but not limited to:

    a. account applications (regardless of date);

    b. monthly or periodic statements;

    c. wire transfer authorizations and confirmations;

    d. deposit slips and deposited items;

1

In the Matter of:  Rajaram K. Matkari

    e. credit and debit memos and advices;

    f. cancelled checks;

    g. check registers;

    h. passbooks;

    i. loan applications (regardless of date);

    j. promissory notes;

    k. certificates of deposit;

    l. letters of credit;

    m. cashier's checks;

    n. money orders;

    o. safe deposit box rental agreements (regardless of date);

    p. safe deposit box visitation ledgers;

    q. all correspondence;

    r. memorandum files maintained by the bank or other financial institution or any of their officers or employees, reflecting communications between the bank and the taxpayer or others acting on the taxpayer's behalf, and documenting actions taken pursuant to directions received from the taxpayer or on the taxpayer's behalf; and reflecting any thoughts or decisions of the bank or its employees or officers regarding the accounts, documents verifying the origin of all funds used to open the accounts or deposited to these accounts (regardless of date).

4. For each bank account, produce the Know Your Customer Account information given to the bank and/or financial institution by you or on your behalf including, but not limited to, all account set up documents (regardless of the year), such as signature cards, opening deposit slips, passport copies, certificates of beneficial ownership, letters of reference, certificates of clean funds and/or other source of Anti-Money Laundering documentation.

5. For each bank account, produce the Desk Files, including but not limited to all offline files, drop files and other files maintained by the private banking department, private trust department, or any other department possessing records that are not covered by the requests enumerated above.

6. For each Certificate of Deposit, Time Deposit, or equivalent account, produce statements of certificate of deposit, records reflecting the purchase of the certificate, earnings, and records reflecting redemption or other disposition of the certificate.  In addition, provide documents verifying the origin of all funds used to open these accounts or deposited to these accounts at any time.

In the Matter of: Rajaram K. Matkari

7. For all transfers of funds during the year(s) 2011 through present between all foreign or domestic bank accounts, financial accounts, and other accounts over which you had signature or other authority, or over which you exercised control during the year(s) 2011 through present, provide the following:

    a. list of transfers;

    b. documents showing the source of the funds transferred (e.g., copy of check—back and front, wire transfer authorizations, bank statement, source of cash deposit);

    c. documents showing the deposit of the funds transferred (e.g., bank statement);

    d. advice memos, correspondence or other direction the taxpayer sent or received regarding the transfers, withdrawals and deposits.

## CREDIT, DEBIT AND CHARGE CARDS

Produce all records for the years 2011 through present relating to credit, debit or charge cards of which you had the use, issued either in your name or the name of any entity, foreign or domestic, in which you held an ownership or beneficial interest, directly or through any nominee, agent, power of attorney, letter of direction, or any device whatsoever.

8. For each card, produce all documents including, but not limited to:

    a. original cards (The IRS will make a copy of each card and return it to the taxpayer.);

    b. card applications (regardless of date);

    c. agreements (regardless of date);

    d. customer relationship records or other similar record identifying persons with signatory authority or other authority over the account (regardless of date);

    e. monthly or periodic charge statements;

    f. charge receipts;

    g. cash advance confirmations;

    h. payments or funds transferred for balances due;.

    i. electronic payment and/or transfer records

## BROKERAGE OR SECURITIES ACCOUNTS

For each of the following requests, produce the requested information for both domestic and foreign brokerage accounts, mutual funds, security accounts, hedge funds, private equity funds, and other investment funds, including every account or fund in which you had a beneficial interest or over which you had signature authority and/or other authority and/or over which you exercised control during the years 2011 through present. These requests include, but are not limited to your personal accounts, custodial accounts, business accounts, rental accounts, trust accounts, IBC accounts, LLC accounts, and other corporate accounts.

3

In the Matter of: Rajaram K. Matkari

9. Produce any and all records required to be maintained pursuant to 31 C.F.R. §1010.420 (§103.32 prior to March 1, 2011) relating to foreign financial accounts that you had/have a financial interest in, or signature authority over, including records reflecting the name in which each such account is maintained, the number or other designation of such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during each specified year. Such accounts include, **but are not limited to**, accounts in the names of Rajaram K. Matkari, Napean Enterprises, Dr. R.K. Matkari, Rajaram Keshav Matkari, or RAG Matkari.

10. For each account or fund, produce all documents in your possession, custody or control or to which you had right of access for the period January 1, 2011 through present including but not limited to:

    a. account application (regardless of date);

    b. signature cards (regardless of date);

    c. monthly or periodic account statements;

    d. annual account summaries;

    e. wire transfer authorizations and confirmations;

    f. all correspondence, including but not limited to, letters, memoranda, telegrams, telexes, e-mail, and letters of instruction;

    g. memorandum files maintained by the brokerage firm or any of their officers or employees, reflecting communications between the firm, their officers, or employees and you or others acting on your behalf; documenting actions taken pursuant to directions received from you or on your behalf; and reflecting any thoughts or decisions of any person regarding the account;

    h. documents verifying the origin of all funds deposited in the account;

    i. know-your-customer (KYC) files or other similar records maintained for anti-money laundering purposes (regardless of date), including but not limited to account set up documents, identification documents such as passports, driver's licenses, opening deposit slips, certificates of beneficial ownership, letters of reference, certificates of clean funds and other source of funds documentation.

## OWNERSHIP

For each of the following requests, produce the requested information for both domestic and foreign entities/structures, including each entity/structure in which the taxpayer exercised control and/or held an ownership interest, legal interest, fiduciary interest and/or beneficial interest at any time during the **years 2011 through the present.**

12. For each entity or structure, produce all documents relating to the creation, governance, and operation of each entity/structure including but not limited to:

    a. organizational documents, deeds of incorporation, by-laws, registrations (regardless of date);

4

In the Matter of: Rajaram K. Matkari

    b. ownership documents including those reflecting the taxpayer's percentage of legal ownership, percentage of beneficial ownership, and all changes in ownership (regardless of date);

    c. financial statements;

    c. partnership agreements;

    e. trust instruments and other formation documents;

    f. documents designating percentage ownership;

    g. records of brokerage or other investment accounts;

    h. records of assets and liabilities;

    i. correspondence files;

    j. powers of attorney, letters of wishes, letters of direction, or other similar-documents granting authority to agents to act on behalf of the entity.

13. For each entity or structure identified in part #12 above, provide the name, address and telephone number of the person(s) controlling the asses of the entity or structure during the years(s) 2011 through present.

14. All written contracts, agreements, letters, memoranda, notes, statements, or similar documents executed or effective at any point during the period of 2011 through the present, related to the sale, assignment, or transfer of an ownership interest or right to use real, personal, or intangible property, by you or for your benefit.

15. All powers of attorney giving you authority to act on behalf of any person or entity, foreign or domestic, during the year(s) 2011 through present.

16. All powers of attorney executed by you giving another the authority to act on your behalf or on behalf of any person or entity, whether foreign or domestic over which you exercise control, during the year(s) 2011 through the present.

17. All certificates of beneficial ownership, stock certificates, including bearer shares, or other similar evidences of ownership interests owned by you at any time during the year(s) 2011 through the present with respect to any foreign trust, corporation, foundation, international business company, or similar entity.

If the information requested exists but can not be provided please provide a detailed explanation as to the reasons why it can not be obtained or furnished.

Thank you for your cooperation in this matter.

**RECORD FORMAT:** Records are requested in the form of magnetic media on compact disk, whenever available. A record layout for the data is also requested. The record layout should

5

In the Matter of:  Rajaram K. Matkari

specify the type of information provided and actual electronic file name.  Each type of information should be recorded in a separate document; however, multiple dates may be included in the same file.  The record layout should be placed in the same order as the information listed above.

6