IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-mc-00051-MSK-KLM   )
                                       )
UNITED STATES OF AMERICA,              )
                                       )
        Petitioner,                    )
                                       )
v.                                     )
                                       )
RAJARAM K. MATKARI,                    )
                                       )
        Respondent.                    )

**SECOND MOTION TO EXTEND THE DUE DATE
FOR SUBMISSION OF RESPONDENT'S "SHOW CAUSE" BRIEF**

RESPONDENT, by and through undersigned counsel, hereby respectfully requests that the Court extend for an additional 21 days the due date for submission of Respondent's brief in support of his position regarding Internal Revenue Service (IRS) Summons enforcement sought by the United States in this case. In support of this further extension request, Respondent states as follows:

I. Introduction

1. On March 23, 2018, Petitioner United States of America filed its Petition to Enforce IRS Summons in this case [Doc. #1], and the Court entered its Order to Show

---

[1] [Doc. #] is the convention used by this writer to identify specific papers filed in the Court's case management and electronic filing system (CM/ECF).

1

Cause on April 30, 2018, originally setting May 21, 2018, as the date on or before which ". . .[R]espondent shall show cause, in writing, as to why he should not comply with and obey the IRS summons and every requirement thereof." [Doc. # 6]

  2. On May 8, 2018, well before the May 21, 2018, due date for the filing of Respondent's required written response, Respondent sought an extension of the due date. In support of his request, Respondent described one element of the four-pronged test enunciated in *U.S. v. Powell*, 379 U.S. 48, which constitutes, along with three others, the requisite legal test to IRS Summons enforcement— that is, the requirement that the Summons seeks ". . .information. . .that is not already within the Commissioner's possession. . . ." *Id.* at 57-58. Respondent further stated that he had earlier lodged a Freedom of Information Act (FOIA)/Privacy Act request with IRS seeking the contents of the administrative file developed by the IRS Examination Division in the course of its examination, and that the IRS Disclosure Office handling Respondent's FOIA/Privacy Act request had sought a first extension of its production deadline. [Doc. # 7, ¶ 2 thereof]. Apparently recognizing the importance of allowing Respondent to receive and review the IRS's administrative tax return examination file before filing his brief in this matter, this Court granted Respondent's motion. [Doc. # 9].

  3. On June 26, 2018, the undersigned received yet another piece of correspondence from the IRS Disclosure Office informing that it was further postponing its production disclosure date from June 29, 2018, to July 20, 2018—a short, 21-day period of time. In reaction and for the further reasons described in paragraph 4. below,

Respondent now seeks an identical 21-day extension of its current July 23, 2018, deadline for the filing of its brief in this matter—that is, to August 13, 2018.

In a change of its position, the Government now opposes a further extension of Respondent's deadline.

## II. Reasons Respondent Seeks an Additional Extension of Time

4.      During the course of its examination of the income tax returns and foreign bank account reporting activities of Respondent, IRS Examination has issued, to-date, in excess of twelve (12) separate IRS Summons to various financial institutions seeking bank and brokerage house records on Respondent for the tax years under review, notwithstanding Respondent's voluntary turnover of domestic bank account and brokerage house statements in compliance with IRS's informal requests. It is the consistent practice of the undersigned's law office to follow each of IRS's Summons issuances with a letter to each financial institution requesting a paid-for, identical copy of the production to be made directly to IRS by each. In many instances, but not all, the financial institution will comply with this office's request. As a result, Respondent's files are stuffed with documents produced by many financial institutions which are almost certainly duplicative, if not identical to those produced for IRS.

In this case, given the Summons production (presumably) made by the various financial institutions to *both IRS and Respondent's counsel*, access to the administrative file will allow Respondent to: a) eliminate from its own list of documents to be produced those which IRS Examination already possesses by comparing the contents of the administrative file to Respondent's file; b) offer to IRS any documents in his possession

which are responsive; c) verify that the amounts and dates appearing in IRS's Summons and Attachment to Summons with regard to the existence of foreign bank account transactions in tax years 2011 through 2014 are correctly stated; and d) verify the nature of substantive records IRS already possesses with regard to any foreign bank account transactions it describes in its pleadings. This exercise will allow Respondent to communicate meaningfully with the attorney for the Government regarding duplication, plus other related issues—all relevant to addressing the demands contained in IRS's Summons dated February 27, 2018, and to compliance with this Court's order. Such an exercise, given its relatively brief list of steps, may also narrow the issues for decision by the Court.

**WHEREFORE**, Respondent respectfully requests that the Court dislodge the July 23, 2018, deadline previously set for Respondent's written response, and that the Court extend Respondent's submission date to a date no sooner than twenty-one (21) calendar days from July 20, 2018—the latest date that the IRS Disclosure Office now indicates that it will produce IRS's Examination's administrative file in this case.

Respectfully submitted,

Dated: July 11, 2018          by: /s/ Michael F. Arvin
**Michael F. Arvin**
Michael F. Arvin, Attorney, PC
3773 Cherry Creek North Drive
Suite 575
Denver, Colorado 80209
Telephone: (303) 629-6640
FAX: (303) 629-6679
E-mail: arvinlawoffices-ecf@arvin-denver.com
**Attorney for Respondent Rajaram K. Matkari**

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2018, I electronically filed the foregoing **SECOND MOTION TO EXTEND THE DUE DATE FOR SUBMISSION OF RESPONDENT'S "SHOW CAUSE" BRIEF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

rika.valdman@usdoj.gov

Rika Valdman
U.S. Dept. of Justice Tax Division
PO Box 683
Ben Franklin Station
Washington DC 20044-0683
Attorney for the Government

/s/ Michael F. Arvin

# United States of America v. Rajaram K. MATKARI

# USDC Case No.: 18-mc-00051-MSK-KLM

**SECOND MOTION TO EXTEND
THE DUE DATE FOR SUBMISSION OF
RESPONDENT'S "SHOW CAUSE" BRIEF**

_____

# EXHIBIT ONE



**PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

June 26, 2018

Law Offices of
Michael Arvin, PC
3773 Cherry Creek North Drive, Suite 575
Denver, CO 80209-3825

In Re: Rajaram K. Matkari

Dear Michael Arvin:

I am responding to your Freedom of Information Act (FOIA) request dated March 30, 2018 that we received on March 30, 2018.

I am unable to send the information you requested by May 11, 2018, which is the 20 business-day period allowed by law. I apologize for any inconvenience this delay may cause.

### STATUTORY EXTENSION OF TIME FOR RESPONSE

The FOIA allows an additional ten-day statutory extension in certain circumstances. To complete your request, I need additional time to search for, collect and review responsive records from other locations. We have extended the statutory response date to July 16, 2018, after which you can file suit. An administrative appeal is limited to a denial of records, so it does not apply in this situation.

### REQUEST FOR ADDITIONAL EXTENSION OF TIME

Unfortunately, we will still be unable to locate and consider release of the requested records by July 16, 2018. We have extended the response date to July 20, 2018 when we believe we can provide a final response.

You do not need to reply to this letter if you agree to this extension. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If we subsequently deny your request, you still have the right to file an administrative appeal.

You may contact our FOIA Public Liaison, Jeffrey V. Austin, to discuss your request at:

600 Arch Street Room 7214
Philadelphia, Pa 19105
(267)941-6424

2

The FOIA Public Liaison responds to FOIA and Privacy Act requests for copies of documents maintained by the IRS. There is no provision in either Act to resolve tax, collection, or processing issues and our staff is not trained to answer questions regarding those issues. If you need assistance with tax related issues, you may call the IRS toll free number at 1-800-829-1040.

If you are unable to resolve your FOIA dispute through the FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's Office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

>Office of Government Information Services
>National Archives and Records Administration
>8601 Adelphi Road--OGIS
>College Park, MD 20740-6001
>202-741-5770
>877-684-6448
>ogis@nara.gov
>ogis.archives.gov

You may file suit if you do not agree to an extension beyond the statutory period. Your suit may be filed in the U.S. District Court:

- Where you reside or have your principal place of business
- Where the records are located, or
- In the District of Columbia

You may file suit after July 16, 2018. Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

>Commissioner of Internal Revenue
>Attention: CC:PA: Br 6/7
>1111 Constitution Avenue, NW
>Washington, D.C. 20224

The FOIA provides access to existing records. Extending the time period for responding to your request will not delay or postpone any administrative, examination, investigation or collection action.

3

If you have any questions please call Senior Disclosure Specialist C. Dorsey ID # 0228563, at 904-661-3210 or write to: Internal Revenue Service, Disclosure Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362. Please refer to case number F18089-0098.

Sincerely,

*Jeffrey V. Austin*

Jeffrey V Austin
Disclosure Manager
Disclosure Office 07