IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 18-mc-00051-MSK-KLM

UNITED STATES OF AMERICA,

Petitioner,

v.

RAJARAM K. MATKARI,

Respondent.

---

**UNITED STATES' RESPONSE TO SECOND MOTION TO EXTEND THE DUE DATE FOR SUBMISSION OF RESPONDENT'S "SHOW CAUSE" BRIEF**

---

The United States of America ("United States"), by and through undersigned counsel, hereby files this response to Mr. Matkari's second motion to extend the due date for submission of respondent's "show cause" brief, that was filed on July 11, 2018 ("Motion"). Dkt. No. 10. The United States provides as follows:

On March 23, 2018, the United States filed a Petition to enforce IRS Summons against Mr. Matkari. Dkt. No. 1. On April 30, 2018, the Court entered an order to show cause, ordering Mr. Matkari to show cause in writing by May 21, 2018, why he should not comply and obey the IRS Summons. Dkt. No. 6.

Counsel for Mr. Matkari contacted counsel for the United States asking if the United States would object to a motion for extension of time to file a responsive pleading to the Order to Show Cause, because he was awaiting documents in response to a Freedom of Information Act ("FOIA") request made to the Internal Revenue Service ("IRS"). The United States agreed to the

first request for an extension of time. On May 10, 2018, the Court granted Mr. Matkari's Unopposed Motion to Extend the Due Date for Submission of Respondent's "Show Cause" Brief, and extended the response deadline through July 23, 2018. Dkt. No. 7-9.

On July 5, 2018, prior to filing the Motion, counsel for Mr. Matkari contacted counsel for the United States asking if the United States would object to a second extension of time due to the fact that the FOIA response date has been extended through July 20, 2018. Counsel for the United States responded and indicated that the United States will not agree to an additional extension of time to respond to the Court's Order to Show Cause because the United States takes the position that the summons proceedings and the FOIA proceedings are distinct, and compliance with an IRS summons in not contingent on the IRS's response to a FOIA request.

The obligations of the IRS in the use and enforcement of its summons authority are laid out in *United States v. Powell*, 379 U.S. 48 (1964). *See United States v. Berney*, 713 F.2d 568, 572 (10th Cir. 1983). Courts around the country have held that summons proceedings and FOIA proceedings are distinct, and compliance with an IRS summons in not contingent on the IRS's response to a FOIA request. In *United States v. Wills*, 475 F. Supp. 492, 494 (M.D. Fla. 1979) the Court stated that:

> "With respect to the FOIA defense ... the court is aware of no provision in the Internal Revenue Code which would require the enforcement of an Internal Revenue Service summons to be conditioned on Internal Revenue Service compliance with FOIA. On the contrary, FOIA, 5 U.S.C. § 552, contains specific provisions for its enforcement none of which contemplate denial of enforcement of an Internal Revenue Service summons. As a practical matter, to condition the enforcement of Internal Revenue Service summonses on FOIA compliance would defeat the intent of Congress to provide a speedy method for enforcement of such summonses."

This case was cited with approval by the 10th Circuit in *United States v. Berney*, supra; and the 11th Circuit in *United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983). *See also United States v. Harris*, 172 F.3d 54 (7th Cir. 1998); *United States v. Greenberger*, No. 1:15-

CV-03532-AT-JFK, 2016 WL 3912065, (N.D. Ga. Jan. 11, 2016), report and recommendation adopted, No. 1:15-CV-3532-AT, 2016 WL 3912060 (N.D. Ga. June 21, 2016); *Uhrig v. United States*, 592 F. Supp. 349, 353–54 (D. Md. 1984); *Anklam v. United States*, No. CIVIL 4-83-740, 1983 WL 1699, at *2 (D. Minn. 1983).

Therefore, the fact that there is a delay in the IRS' response to Mr. Matkari's FOIA request should not affect the enforcement of the IRS' summons or this case moving forward.

Respondent points out that the Government changed its position in its opposition to a further extension of the deadline. Dkt. No. 10, at p. 3. The United States agreed to the first request for extension of time to allow Respondent adequate time to comply with the Court's order to show cause. While Respondent has yet to receive the documents responsive to his FOIA request, as explained above, it does not and should not affect the enforcement of the IRS summons. Extending the deadline yet again would cause unnecessary delay in this proceeding and the IRS' administration. As such, the United States argues that Mr. Matkari's Motion should be denied, and that the deadline to respond to the Court's Order to Show Cause should remain July 23, 2018.

Respectfully submitted this 13th day of July, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v)
202-307-0054 (f)
Rika.Valdman@usdoj.gov

ROBERT C. TROYER

United States Attorney
District of Colorado

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Michael F. Arvin**
Michael F. Arvin, P.C.
3773 Cherry Creek North Drive, #575
Denver, CO 80209-3825
arvinlawoffices-ecf@arvin-denver.com

*/s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney
Civil Trial Section, Western Region